SAVOY, Judge.-
This action was instituted by plaintiff against defendant wherein plaintiff is seeking to collect from defendant the sum of $250 for the loss of a tree allegedly destroyed by being struck by lightning. Defendant issued a policy to plaintiff affecting and covering said tree. Plaintiff also asked for attorney’s fees in addition to the amount claimed for the loss of said tree.
Defendant filed an answer in the form of a general denial, asking that the demands of plaintiff be rejected.
After trial in the Crowley City Court, the trial judge granted judgment in favor of plaintiff and against defendant in the sum of $250, but rejected the other items sued for by plaintiff.
From the judgment of the lower court, defendant has appealed to this court.
The record reflects that plaintiff secured a water oak tree from a friend and had the same moved and planted on his property by Floyd J. Sloane, a tree surgeon.. The evidence shows further that the tree grew after it was transplanted.
Plaintiff and his wife and Mr. Sloane testified for the plaintiff. A Mr. C. C. Henderson, a tree surgeon, testified for defendant.
Plaintiff testified that the tree in question had been transferred from the property of Jesse Ploffpauir and had been transplanted by Mr. Sloane, that the tree so planted was a water oak and that after the planting it bloomed and grew very well. During the first part of September plaintiff noticed that the tree was deteriorating and in a short time it died.
Plaintiff’s wife testified that in the early part of September, 1959, a thunderstorm occurred in the City of Crowley, that at the time of this occurrence, her husband was sleeping, and that there were lightning flashes in the vicinity of the premises where the tree was. About three days after the thunderstorm, she examined the tree and noticed it was dying and about ten days thereafter the tree died.
*493 Mr. Floyd J. Sloane was qualified as an expert for the plaintiff as a tree surgeon. Mr. Sloane testified that he first saw the tree in question in February, 1958, when it was located on the premises of a Mr. Hoff-pauir in South Crowley, that the tree was transplanted on the property of plaintiff, and that he had occasion to examine the tree at various times prior to the alleged accidental killing of same. He said the tree was in good condition, that in September of 1959 he examined the tree and found that the leaves were dead without losing any chlorophyl. He was of the opinion that the tree was struck by lightning.
He examined the tree for infestation with insects and could find none.
For the defendant, Mr. C. C. Henderson was qualified as an expert as a tree surgeon. He testified he did not see the tree in question until the middle of October, 1959, and at that time the tree had lost its leaves and its bark was falling off. It was his opinion that the tree had not been struck by lightning.
There is enough evidence in the record to warrant a finding for the plaintiff. This case involves a factual situation, and we do not find manifest error on the part of the trial judge that would warrant a reversal of his judgment in this case.
Plaintiff has not appealed from the ruling of the trial judge, nor has he answered the appeal, so we will not disturb the ruling of the trial judge on the question of penalties and attorney’s fees claimed by plaintiff in his petition.
For the reasons assigned, the judgment of the trial judge is affirmed at defendant’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.